Bradley M. Marten, WSBA #13582
Jeff B. Kray, WSBA #22174
Marten Law PLLC
1191 Second Avenue, Suite 2200
Seattle, WA 98101
Telephone: 206-292-2600

David L. Elkind, WSBA# 1931864
ORRICK, HERRINGTON & SUTCLIFFE LLP
Columbia Center
1152 15th Street, N.W.
Washington, D.C. 20005-1706
Telephone: 202-339-8400
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JORGENSEN FORGE CORPORATION, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. _____ |
| ASSOCIATED INDEMNITY CORPORATION, FIREMAN'S FUND INSURANCE COMPANY, OAKWOOD INSURANCE COMPANY, AND CENTURY INDEMNITY COMPANY | ) **COMPLAINT AND JURY DEMAND** |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Jorgensen Forge Corporation ("JFC"), by its attorneys, for its Complaint for declaratory judgment and damages against Defendants Associated Indemnity Corporation, Fireman's Fund Insurance Company, Oakwood Insurance Company, and Century Indemnity Company (collectively, "the Defendants"), alleges as follows:

COMPLAINT AND JURY DEMAND - 1
CASE NO.

MARTEN LAW PLLC
1191 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98101
206-292-2600 (Phone)
206-292-2601 (Fax)

**NATURE OF THE ACTION**

1.     Pursuant to 28 U.S.C. § 2201, JFC seeks a declaration of the rights, duties, and obligations of the parties under the liability insurance policies (the "Policies") sold by the Defendants and their predecessors to JFC's predecessor, Earle M. Jorgensen Company ("EMJ"). Because Defendants have refused to provide coverage for JFC's defense and liability costs arising from JFC's manufacturing plant, located on land between Marginal Way, Tukwila, WA and the Lower Duwamish Waterway ("the Site"), actual controversies exist between the parties for which a judgment setting forth their respective rights and obligations is necessary.  JFC also seeks damages because of Defendants' breaches of contract.

**THE PARTIES**

2.     Plaintiff JFC is a corporation organized under the laws of the State of Washington, with its principal place of business in King County, Washington.

3.     Upon information and belief, Defendant Associated Indemnity Corporation ("Associated Indemnity") is a corporation organized under the laws of the State of California, with its principal place of business in Novato, California.   Upon information and belief, Associated Indemnity is a subsidiary of Fireman's Fund Insurance Company ("Fireman's Fund").  Upon information and belief, Defendant Associated Indemnity was authorized to do business and conducted and transacted business in the State of Washington at all relevant times.

4.     Upon information and belief, Defendant Fireman's Fund is a corporation organized under the laws of the State of California, with its principal place of business in Novato, California.  Upon information and belief, Defendant Fireman's Fund was authorized to do business and conducted and transacted business in the State of Washington at all relevant times.

COMPLAINT AND JURY DEMAND - 2
CASE NO.

MARTEN LAW PLLC
1191 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98101
206-292-2600 (Phone)
206-292-2601 (Fax)

5.      Upon information and belief, Defendant Oakwood Insurance Company ("Oakwood") is a corporation organized under the laws of the State of Tennessee, with its principal place of business in Nashville, Tennessee.  Upon information and belief, Oakwood is the corporate successor to Central National Insurance Company of Omaha ("Central National"). Upon information and belief, Central National was authorized to do business and conducted and transacted business in the State of Washington at all relevant times.

6.      Upon information and belief, Defendant Century Indemnity Company ("Century") is a corporation organized under the laws of the State of Pennsylvania, with its principal place of business in Philadelphia, Pennsylvania.  Upon information and belief, Century is the corporate successor to California Union Insurance Company ("Cal Union").    Upon information and belief, Cal Union was authorized to do business and conducted and transacted business in the State of Washington at all relevant times.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between JFC and the Defendants, and the amount in controversy is over $75,000.

8.      Personal jurisdiction exists over each Defendant because the Defendants' contacts with the State of Washington, including their sale of insurance policies to EMJ, satisfy the constitutional requirement of minimum contacts with the forum.

9.      Venue is proper in this State pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this State, and the property that is the subject of this action is situated in this State.

COMPLAINT AND JURY DEMAND - 3
CASE NO.

MARTEN LAW PLLC
1191 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98101
206-292-2600 (Phone)
206-292-2601 (Fax)

## FACTUAL BACKGROUND

### The Insurance Policies

10.     From 1972 to 1987, EMJ purchased Policies from the Defendants and their predecessors to protect against liabilities.   Associated Indemnity and Fireman's Fund sold primary policies that provide coverage from 1972 to 1987. Central National sold excess policies that provide coverage from 1975 to 1984.   Cal Union sold an excess policy that provides coverage from 1984 to 1987.  The policy numbers and periods of coverage are identified in the schedule of insurance policies, attached as Schedule A, and incorporated by reference as if fully set forth herein.

11.     JFC is a metal forging company that manufactures custom metal products for technical and industrial markets. JFC's manufacturing plant is located on the Site.  In June 1992, JFC was created from EMJ and became a separate corporate entity.  As part of its creation, JFC assumed certain of EMJ's liabilities in connection with EMJ's Forge Division in Seattle, Washington, which then became the business of JFC.

12.     By contract and by operation of law, JFC is entitled to obtain insurance coverage from the Defendants under the Policies for JFC's liabilities that involve property damage that took place during the Policies' periods.

13.     All premiums have been paid for the Policies, and JFC has satisfied all conditions precedent to obtain coverage under the Policies.

### The Claims

14.     JFC seeks insurance coverage in this action for its liabilities and defense costs related to property damage at and around the Site that took place in part during the Defendants' Policies' periods.

COMPLAINT AND JURY DEMAND - 4
CASE NO.

MARTEN LAW PLLC
1191 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98101
206-292-2600 (Phone)
206-292-2601 (Fax)

15.     The United States Environmental Protection Agency ("EPA") and the Washington State Department of Ecology have named JFC as a potentially responsible party ("PRP"), liable for property damage caused by environmental contamination in and around the Site.

16.     Other parties also have demanded that JFC investigate and remediate, or contribute to the investigation and remediation, of the property damage at the Site and the surrounding area.

17.     As a result of these claims, JFC has incurred substantial costs that are covered under the Policies.

18.     JFC gave notice to the Defendants of its claims in July 2014.  The Defendants either have refused to provide coverage in violation of their contractual obligations, or failed to respond to JFC's notice.

## FIRST CLAIM FOR RELIEF
### Declaratory Relief

19.     JFC repeats and realleges each and every allegation contained in Paragraphs 1 through 18 as if fully set forth herein.

20.     The Policies at issue in this action provide JFC with insurance coverage for JFC's liabilities that involve property damage at the Site during the Defendants' Policies' periods.

21.     Defendants are contractually obligated to pay JFC's liabilities.

22.     JFC has incurred, and will continue to incur, liabilities associated with property damage stemming from the Site.

23.     Defendants have disputed or failed to honor their obligations to pay JFC's liabilities.

COMPLAINT AND JURY DEMAND - 5
CASE NO.

MARTEN LAW PLLC
1191 SECOND AVENUE, SUITE 2200
SEATTLE, WA 98101
206-292-2600 (Phone)
206-292-2601 (Fax)

24.     An actual and justiciable controversy currently exists between JFC and Defendants with respect to the duties and obligations of Defendants under the Policies to pay for JFC's liabilities for property damage related to the Site.

25.     JFC thus seeks a judicial determination by this Court of the obligation of the Defendants to pay JFC's defense and liability costs with regard to JFC's liabilities for property damage related to the Site.  Such a judicial determination is necessary and appropriate at this time under the circumstances alleged.

## SECOND CLAIM FOR RELIEF
### Breach of Contract

26.     JFC repeats and realleges each and every allegation contained in Paragraphs 1 through 25 as if fully set forth herein.

27.     Defendants have breached, and will breach, the contractual terms of their Policies by failing and refusing to pay for the complete liability costs of JFC in connection with property damage related to the Site.

28.     As a direct and proximate result of Defendants' breaches of contract, which is continuing as of the date of this Complaint, Defendants have deprived JFC of the benefit of the Policies.

29.     As a direct and proximate result of Defendants' breaches of contract, JFC has suffered, and will suffer, substantial damages in an amount to be determined at trial, including, but not limited to, the sums spent and to be spent in connection with JFC's liabilities for property damage related to the Site.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JFC requests a judgment against each Defendant as follows:

COMPLAINT AND JURY DEMAND - 6
CASE NO.

1           a)     On the First Claim for Relief, a determination and declaration that

2   each Defendant is obligated under its respective policy to pay the defense and liability costs

3   incurred by JFC, or to reimburse JFC for its payment of its defense and liability costs, in

4   connection with JFC's liabilities stemming from the Site.

5           b)     On the Second Claim for Relief, for damages in an amount to be

6   determined at trial.

7           c)     On all claims for relief, for JFC's reasonable attorneys' fees,

8

9   pre-judgment and post-judgment interest, costs, and the expenses of this action.

          d)     For such other further and different relief as this Court deems just

10

11  and proper.

12  **JURY DEMAND**

13  Plaintiff JFC demands a jury on all claims in this Complaint triable by jury.

14  DATED: October 2, 2014.      MARTEN LAW PLLC

15                       By: ___*s/Jeff B. Kray*_____

16                             Bradley M. Marten, WSBA #13582
                           Jeff B. Kray, WSBA #22174

17                             bmarten@martenlaw.com
                           jkray@martenlaw.com

18                             1191 Second Avenue, Suite 2200
                           Seattle, WA 98101

19                             Telephone: 206-292-2600

20

21                       ORRICK, HERRINGTON & SUTCLIFFE LLP

22                       By: ___*s/David L. Elkind*_____
                           David L. Elkind, WSBA# 1931864

23                             delkind@orrick.com
                           Columbia Center

24                             1152 15th Street, N.W.

25                             Washington, D.C. 20005-1706
                           Telephone: 202-339-8400

26                             *Attorneys for Plaintiff*

COMPLAINT AND JURY DEMAND - 7
CASE NO.

**SCHEDULE A**

| Insurer | Policy Number | Policy Period |
|---|---|---|
| Associated Indemnity | LP-1302324 | 7/6/72 - 1/1/75 |
| Associated Indemnity | LP-2076955/56 | 1/1/75 - 1/1/78 |
| Associated Indemnity | LA-233 10 62 | 1/1/78 - 1/1/81 |
| Fireman's Fund | 775 LA-2803317 | 1/1/81 - 1/1/84 |
| Fireman's Fund | 7 75 KLA321 3846 | 1/1/84 - 1/1/87 |
| Central National | CNU 12-27-12 | 1/1/75 - 1/1/78 |
| Central National | CNZ 14-07-72 | 1/1/77 - 1/178 |
| Central National | CNU 12-81-62 | 1/1/78 - 1/1/79 |
| Central National | CNZ 14-15-30 | 1/1/78 - 1/1/79 |
| Central National | CNU 03-34-05 | 1/179 - 1/1/80 |
| Central National | CNZ 14-08-36 | 1/1/79 - 1/1/80 |
| Central National | CNU 03-53-49 | 1/1/80 - 1/1/81 |
| Central National | CNU 00-43-37 | 1/1/81 - 1/1/82 |
| Central National | CNU 18-83-03 | 1/1/82 - 1/1/83 |
| Central National | CNU 00-12-74 | 1/1/83 - 1/1/84 |
| Cal Union | ZCU2352 | 1/1/84 - 1/1/87 |